UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHRISTOPHER GRAHAM, and ELLEN RUSSO, on Behalf of Themselves and All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>v.<br><br>BMO HARRIS BANK, N.A., NATIONAL BANK OF CALIFORNIA, N.A., FIRST INTERNATIONAL BANK & TRUST, a North Dakota State-Chartered Bank, MISSOURI BANK AND TRUST, a Missouri State-Chartered Bank, and NORTH AMERICAN BANKING COMPANY, a Minnesota State-Chartered Bank,<br><br>    Defendants. | Case No. 13-CV-01460<br><br>Judge Warren W. Eginton |

### DEFENDANT BMO HARRIS BANK, N.A.'S SUPPLEMENT TO ITS MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(a)

Defendant BMO Harris Bank, N.A. ("BMO Harris") had moved to transfer the claims against it to the Northern District of New York, where a first-filed, closely related action was already pending, "in the interest of justice" and "[f]or the convenience of parties and witnesses." 28 U.S.C. § 1404(a). Dkt. #109-10. That is no longer possible. After BMO Harris moved to transfer, the plaintiff in the Northern District of New York—who is represented by the same counsel as plaintiff here—voluntarily dismissed that case. As a result, BMO Harris is now amending its motion to transfer in this and other copycat actions to request that the claims against BMO Harris be transferred to the Eastern District of New York, where another related action is pending. That case was also first-filed: it was filed the same day as the now-dismissed

1

Northern District of New York case.[1] In support of this supplement, BMO Harris states as follows:

1.  As BMO Harris explained in its opening brief (Dkt. #110 at 1-6), this case was one of ten virtually identical putative class actions filed in ten separate district courts against BMO Harris by the same plaintiffs' counsel. The first two of those cases were filed on the same day: the *Hillick* case in the Northern District of New York, and the *Moss* case in the Eastern District of New York.

2.  On December 3, 2013, BMO Harris responded to the *Hillick* complaint by filing a motion to compel arbitration and, alternatively, a motion under Rules 12(b)(6)-(7) and 19 to dismiss for failure to join an indispensable party or to state a claim for relief. The *Hillick* court set a briefing schedule for BMO Harris's potentially dispositive motions, adjourned a Rule 16 initial pretrial conference, and stayed all further deadlines until the motions were resolved.

3.  Beginning on December 9, 2013, as responses to the complaints in the other nine cases came due, BMO Harris filed motions under 28 U.S.C. § 1404(a) to transfer the cases against BMO Harris to the Northern District of New York. BMO Harris selected the Northern District of New York as a proposed transferee venue in part because *Hillick* was one of the two first-filed cases (*Moss* being the other), it had the first response date and BMO Harris's dispositive motions were already on file, and BMO Harris was the only named defendant in the case. BMO Harris filed its motion to transfer in this case on December 13, 2013.

4.  But on December 16, 2013, the plaintiff in *Hillick* voluntarily dismissed his case. The same day, in a pre-motion conference in the *Moss* case, plaintiffs' counsel notified that court

---

[1] BMO Harris conferred with plaintiff's counsel concerning this filing. Although the plaintiff intends to oppose transfer, the plaintiff does not oppose BMO Harris amending its motion to transfer through this supplemental filing.

that they would be filing an amended complaint adding William Hillick as a second named plaintiff in *Moss*.

5.  In light of plaintiffs' decision to merge *Hillick* into *Moss* by voluntarily dismissing *Hillick* and adding its plaintiff to *Moss*, BMO Harris amends its motion to transfer this case to request that the claims against it be sent to the Eastern District of New York (*Moss*) instead of the Northern District of New York (*Hillick*). As BMO Harris explained in its opening brief (at 2-6) and as further exemplified by plaintiffs' decision to dismiss *Hillick* and incorporate those claims into *Moss*, the complaints in *Hillick* and *Moss*—as well as the one in this case—are substantively the same. As a result, the analysis in BMO Harris's opening brief is equally valid when applied to *Moss* in the Eastern District of New York as opposed to *Hillick* in the Northern District of New York.

6.  First, Christopher Graham's case against BMO Harris could have been filed in the Eastern District of New York under 28 U.S.C. §§ 1391(b)(1) & (c)(2). Like *Hillick*, the plaintiff in *Moss* alleges that BMO Harris is subject to personal jurisdiction in New York because it does business in the state. *Moss* Compl. ¶¶ 19-20. The plaintiff alleges that venue is therefore proper in the Eastern District of New York. *Id.* ¶ 25. These allegations would be equally applicable to all of the cases against BMO Harris. As a result, Graham's case against BMO Harris could have been filed in the Eastern District of New York, just like *Moss*.

7.  Second, transfer is warranted "in the interest of justice" and "[f]or the convenience of parties and witnesses." Although there are now nine related cases pending against BMO Harris instead of ten, it would still be far more efficient for the parties and the courts to coordinate and resolve these cases in a single forum. In each case, BMO Harris will now be seeking transfer to the Eastern District of New York.

WHEREFORE, BMO Harris respectfully requests that the Court transfer Christopher Graham's case against BMO Harris to the Eastern District of New York. As supplemented by this filing, BMO Harris continues to rely on its Memorandum of Law (Dkt. #110) filed in support of its motion to transfer. BMO Harris will address any remaining issues that Graham may raise in any reply memorandum BMO Harris may file in further support of its motion to transfer.

Dated: December 24, 2013     By:     /s/ A. John P. Mancini
                                     A. John P. Mancini (No. ct04975)
                                     MAYER BROWN LLP
                                     1675 Broadway
                                     New York, New York 10019-5820
                                     Telephone:  (212) 506-2295
                                     Facsimile:   (212) 262-1910
                                     jmancini@mayerbrown.com

                                     Lucia Nale *(Pro Hac Vice)*
                                     Debra Bogo-Ernst *(Pro Hac Vice)*
                                     MAYER BROWN LLP
                                     71 South Wacker Drive
                                     Chicago, IL 60606
                                     Telephone:   (312) 782-0600
                                     Facsimile:   (312) 701-7711
                                     lnale@mayerbrown.com
                                     dernst@mayerbrown.com

                             Attorneys for Defendant BMO Harris Bank, N.A.

**CERTIFICATE OF SERVICE**

I hereby certify that on December 24, 2013, a copy of foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

By:   */s/ A. John P. Mancini*
A. John P. Mancini