UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHRISTOPHER GRAHAM, and ELLEN RUSSO, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>BMO HARRIS BANK, N.A., NATIONAL BANK OF CALIFORNIA, N.A., FIRST INTERNATIONAL BANK & TRUST, a North Dakota State-Chartered Bank, FIRST PREMIER BANK, a South Dakota State-Chartered Bank, MISSOURI BANK AND TRUST, a Missouri-Chartered Bank, and NORTH AMERICAN BANKING COMPANY, a Minnesota State- Chartered Bank,<br><br>Defendants. | Case No. 3:13-cv-01460 (WWE)<br><br><br><br>January 10, 2014 |

**DEFENDANT FIRST INTERNATIONAL BANK & TRUST'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DECLARATION OF NATALIE C. DEMPSEY AND EXHIBITS**

**PRELIMINARY STATEMENT**

Although Plaintiff moves to strike the Declaration of Natalie C. Dempsey (Doc. 66-1 Ex. A, "Dempsey Declaration") and attached exhibits, she does not offer any allegations or evidence that contradict the authenticity of the loan agreement or loan application containing the arbitration clause. She does not deny that she signed the agreement attached to the Dempsey Declaration or that the exhibit is a true and accurate copy of her agreement to arbitrate. Instead, Plaintiff insists that the Dempsey Declaration should be stricken because it ought to have provided even more detail establishing Ms. Dempsey's personal knowledge and the authenticity of the exhibits. (Mot. at 1, Doc. 137-1.) No authority requires the level of extraordinary detail that Plaintiff demands. Instead, the case law is clear that a simple statement of personal knowledge is sufficient.

Plaintiff then asks in the alternative for unspecified "document and deposition discovery regarding the Dempsey Declaration and its exhibits." (*Id.* at 7.) Plaintiff utterly fails to meet the high burden required to demonstrate the need for arbitration-related discovery. Plaintiff's motion should be denied.

**I.   ARGUMENT**

Federal Rule of Civil Procedure 12(f) permits a court to strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Before a court will strike redundant, immaterial or impertinent matters, the movant "must demonstrate that no evidence in support of the allegation would be admissible, that the allegations have no bearing on the issues in the case, and that to permit the allegations to stand would result in prejudice to the movant." *Colabufo v. Cont'l Cas. Co.*, No. 04 Civ. 1863 (TCP), 2006 U.S. Dist. LEXIS 28957, at *18 (E.D.N.Y. Apr. 27, 2006) (denying motion to strike declaration based on lack of personal knowledge) (internal citations omitted). Plaintiff does not even come close to meeting that standard.

1

### A.     The Dempsey Declaration Is Based on Adequate Personal Knowledge.

Plaintiff misunderstands the standard for a declarant's personal knowledge in contending that the Dempsey Declaration "does not set forth the basis for Ms. Dempsey's personal knowledge of the OneClickCash website." (Mot. at 4.) A declaration is admissible where "a reasonable trier of fact could believe the witness had personal knowledge." *Searles v. First Fortis Life Ins. Co.*, 98 F. Supp. 2d 456, 461 (S.D.N.Y. 2000) (finding affidavit admissible). "[T]he lack of certain specific details or arguably vague or conclusory statements will not render [the] affidavits inadmissible, but instead affects the weight and credibility of the testimony[.]" *Colabufo*, 2006 U.S. Dist. LEXIS 28957, at *19. As such, a simple statement of personal knowledge is sufficient. *See Mueller v. Towers, Perrin, Forster & Crosby, Inc.*, No. 3:10-cv-1093 (WWE), 2010 U.S. Dist. LEXIS 113320, at *4-5 (D. Conn. Oct. 25, 2010) ("[Declarant] states that the declaration is made under the penalty of perjury and is based on her personal knowledge. As this is sufficient for the Court to accept the declaration, the Court will not strike it."). The Dempsey Declaration clearly sets forth the basis for Ms. Dempsey's personal knowledge of the website, as an employee of AMG that provides web services for OneClickCash, and one of the primary AMG contacts for OneClickCash. (Doc. 66-1 Ex. A ¶¶ 1-3.)

Plaintiff also makes the baseless and unsupported contention that Ms. Dempsey lacks personal knowledge regarding Plaintiff's loan documents. (Mot. at 6.) A declarant may testify as to the contents of records she has reviewed in her official capacity. *Searles*, 98 F. Supp. 2d at 461-62 (finding declarant to have personal knowledge when she "personally investigated and evaluated" plaintiff's record). Ms. Dempsey declared that she had reviewed records in order to gain personal knowledge of Plaintiff's loan agreement. (*E.g.*, Doc. 66-1 Ex. A ¶ 3 ("I have access to and have gained familiarity with OneClickCash's loan documents and record-keeping systems for customer account information."); *id.* ¶ 11 ("In connection with AMG's provision of services to OneClickCash, AMG keeps, in its ordinary course of business, records of customer loan agreements. I am familiar with those records in the course of my work for AMG. I have

2

reviewed those records to determine the date on which Plaintiff Ellen Russo received the alleged loans from OneClick Cash.").)

Contrary to Plaintiff's challenge as to the "extent of the explanation" for Ms. Dempsey's knowledge (Mot. at 5), courts have repeatedly held that a declaration need only contain "reasonable specificity of detail." *E.g., Wood v. FBI*, 312 F. Supp. 2d 328, 339-340 (D. Conn. 2004) (denying motions to strike).[1] Applying these standards, the Dempsey Declaration plainly states personal knowledge. *E.g., Spector v. Experian Info. Servs.*, 321 F. Supp. 2d 348, 353 (D. Conn. 2004) (denying motion to strike where manager signed declaration based on his "technical familiarity with the practices and procedure of [bank's] information systems.").

**B.    The Dempsey Declaration Exhibits Are Properly Authenticated.**

Plaintiff also "challenges the authenticity" of the exhibits attached to the Dempsey Declaration because there was no "chain of custody" for the four website pages provided and the declaration did not "explain how Ms. Dempsey came into possession of the document marked as Exhibit 5 [Plaintiff's loan agreement]." (Mot. at 2, 5-6.) Plaintiff, however, cites nothing in the case law or the Federal Rules requiring that a witness establish a "chain of custody" in order to attest to the authenticity of a document. Federal Rule of Evidence 901 specifically provides that, to identify a document, a witness with knowledge must simply testify that "an item is what it is claimed to be." Fed. R. Evid. 901(b)(1); *see also United States v. Dhinsa*, 243 F.3d 635, 658 (2d Cir. 2001) (explaining Rule 901 "'does not erect a particularly high hurdle'" and requires only that "'sufficient proof has been introduced so that a reasonable juror could find in favor of authenticity or identification'") (citations omitted); *U.S. v. Thomas*, 54 F.3d 73, 82-83 (2d Cir. 1995) (finding "evidence was sufficiently authenticated to permit its admission into evidence without proof of the documents' chain of custody" because there was no dispute that the

---

[1] To the extent Plaintiff contends that Ms. Dempsey does not have personal knowledge of "how the OneClickCash website is run" and "the internal mechanisms of the OneClickCash website" (Mot. at 5), Plaintiff offers no explanation as to why the technical details of the operation of the website are necessary to attest to the content of Plaintiff's loan records.

3

proffered instruments were what they claimed to be and Rule 901 provides multiple ways to authenticate evidence). Ms. Dempsey satisfied Rule 901(b)(1) because she declared under penalty of perjury, based on her personal knowledge of how OneClickCash's records are kept, that each exhibit was a "true and correct copy" of what it claimed to be. (Doc. 66-1 Ex. A ¶¶ 6-8, 10, 14.) Plaintiff has submitted absolutely no evidence that would suggest the documents are not authentic. She has not even denied in her motion that the documents are anything other than those she signed and upon which she based her lawsuit challenging her loan as illegal. At the very least, it is "'reasonably probable'" that the documents are what they purport to be, and thus "'the command of Rule 901(a) is satisfied.'" *Dhinsa*, 243 F.3d at 658 (citation omitted).

        **C.**    **Plaintiff Shows No Need for Discovery Related to the Dempsey Declaration.**

Unable to support her challenges to the Dempsey Declaration, Plaintiff submits an alternative request for arbitration-related discovery. Plaintiff does not even come close to carrying her burden to demonstrate the need for such discovery.

As Plaintiff concedes, arbitration motions are subject to the summary judgment standard. (Mot. at 7 (citing *Ayco Co., L.P. v. Frisch*, 1:11-CV-580, 2012 WL 42134, at *3 n.3 (N.D.N.Y. Jan. 9, 2012)).) Federal Rule of Civil Procedure 56(d) requires a party seeking such discovery to show "by affidavit or declaration" that "for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). The affidavit or declaration must show: "'(1) what facts are sought and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts.'" *Lunts v. Rochester City Sch. Dist.*, 515 Fed. App'x. 11, 13 (2d Cir. 2013) (citations omitted); *see also Wolff v. Westwood Mgmt., LLC*, 558 F.3d 517, 521 (D.C. Cir. 2009) (finding court properly rejected Rule 56 request for arbitration-related discovery on motion to compel arbitration).

Those requirements apply with even more force in the context of a motion to compel arbitration. One of the primary purposes of an arbitration agreement is to avoid the costs and expenses of litigation discovery. *See Local 771, I.A.T.S.E. v. RKO Gen., Inc.*, 546 F.2d 1107,

1113 (2d Cir. 1977) ("[T]he bargained-for purpose of arbitration . . . is the avoidance of litigation and its concomitant costs and delays."). For that reason, the Federal Arbitration Act "call[s] for an expeditious and summary hearing [on arbitration motions], with only *restricted inquiry* into factual issues." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22-23 (1983) (emphasis added).

Plaintiff did not file the required affidavit or declaration. "'[T]he failure to file an affidavit under Rule 56(d) is itself grounds to reject a claim that the opportunity for discovery was inadequate.'" *Young v. Benjamin Dev., Inc.*, 395 Fed. App'x. 721, 723 (2d Cir. 2010) (affirming denial of motion to seek additional discovery because the party "failed to file an affidavit setting forth the essential facts he sought to discover") (citation omitted).

Moreover, Plaintiff has made no such showing of "specified reasons" for pre-arbitration discovery. Plaintiff's citation to *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764 (3d Cir. 2013), only highlights this failure. There, the Third Circuit held a plaintiff must show "additional facts sufficient to place the agreement to arbitrate [at] issue" and therefore be entitled to discovery. *Id.* at 776-77 (concluding limited discovery was appropriate as plaintiff raised a genuine issue of material fact regarding her receipt of an agreement by showing that, unlike every other page of the documents received, the agreement did not contain an encoded "DocuSign" header).

Plaintiff has articulated no reason why the Dempsey Declaration necessitates discovery. The "extent of the relationship between First International and OneClickCash" (Mot. at 7-8) is not the subject of the Dempsey Declaration. *See, e.g., Bell v. Koch Foods of Miss., LLC*, 358 F. App'x 498, 501 (5th Cir. 2009) (affirming denial of "arbitration-related discovery" because the requested information was irrelevant); *Wolff*, 558 F.3d at 521 ("The appellants failed to demonstrate, both to the district court and on appeal, how discovery related to the merits of the claims would have assisted them in opposing the motion to compel arbitration."). The subject of the Dempsey Declaration is Plaintiff's agreement to arbitrate. Plaintiff offers no evidence, or even any allegation, disputing the authenticity of that agreement or the manner in which she

5

entered into it. Plaintiff has access to her own recollections of the contracting process. Indeed, as Plaintiff's entire suit is based on the purported illegality of the very loan agreement at issue, the pre-filing investigation required under Federal Rule of Civil Procedure 11 would presumably require her to know the terms of that agreement and how it was agreed upon. Plaintiff has not articulated any legitimate reason why she needs additional information. *See, e.g., Bank One, N.A. v. Coates*, 125 F. Supp. 2d 819, 826 (S.D. Miss. 2001) ("[I]t does not follow from the fact that [opposing party] takes the position that he did not agree to arbitration that discovery is needed to determine whether the ostensible arbitration agreement is enforceable. The terms of the original agreement . . . can be gleaned from the documents themselves[.]").

Plaintiff also utterly fails to state "what facts are sought and how they are to be obtained," or "how those facts are reasonably expected to create a genuine issue of material fact," as required under Rule 56(d). *Lunts*, 515 Fed. App'x. at 13-14. Instead, without further explanation, she asserts a vague request for "document and deposition discovery" about unspecified aspects of "the relationship between First International and OneClickCash" and other unspecified issues that might be pertinent to "whether an arbitration clause with OneClickCash can be used by First International to foreclose Plaintiff Russo's claims." (Mot. at 7-8.) Not only does that request fail to meet Rule 56's requirements, but it is also contrary to Rule 26. It is impossible to assess under Rule 26 whether the discovery is relevant or subjects First International to burdens that are outweighed by any likely benefit because Plaintiff refuses to specify precisely what discovery she seeks or why. Fed. R. Civ. P. 26(b)(1); 26(b)(2)(C)(iii).

## CONCLUSION

For the foregoing reasons, First International respectfully requests that the Court deny Plaintiff's motion to strike, and her motion in the alternative for arbitration-related discovery, in its entirety.

Dated: January 10, 2014          Respectfully submitted,

                                 By:    /s/ James T. Cowdery
                                        James T. Cowdery (ct05103)
                                        John P. D'Ambrosio (ct29101)
                                        COWDERY, ECKER & MURPHY, L.L.C.
                                        280 Trumbull Street, 22nd Floor
                                        Hartford, Connecticut 06103
                                        Telephone: (860) 278-5555
                                        Facsimile: (860) 249-0012
                                        jcowdery@cemlaw.com

                                        James McGuire, *pro hac vice forthcoming*
                                        Rita F. Lin (*pro hac vice*)
                                        Elizabeth Balassone (*pro hac vice*)
                                        MORRISON & FOERSTER LLP
                                        425 Market Street
                                        San Francisco, California 94105-2482
                                        Telephone: (415) 268-7000
                                        Facsimile: (415) 268-7522
                                        rlin@mofo.com

                                        *Attorneys for Defendant First International Bank & Trust*

## CERTIFICATE OF SERVICE

  I hereby certify that on January 10, 2014, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                /s/ James T. Cowdery (ct05103)
                James T. Cowdery

3368296