UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHRISTOPHER GRAHAM and ELLEN RUSSO, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>BMO HARRIS BANK, N.A., NATIONAL BANK OF CALIFORNIA, N.A., FIRST INTERNATIONAL BANK AND TRUST, a Missouri State-Chartered Bank, and NORTH AMERICAN BANKING CO., a Minnesota State-Chartered Bank,<br><br>Defendants. | Case No. 13-CV-01460<br><br>Hon. Warren W. Eginton<br><br><br><br><br><br><br><br><br><br>DATED: JANUARY 15, 2014 |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT BMO HARRIS BANK, N.A.'S MOTION TO DISMISS OR SEVER PURSUANT TO FED. R. CIV. P. 21 AND SUPPORTING MEMORANDUM OF LAW**

**ORAL ARGUMENT REQUESTED**

# Table of Contents

Table of Authorities ................................................................................................... ii

INTRODUCTION ........................................................................................................ 1

I.     The Parties Are Properly Joined In This Action ...................................................... 1

II.    Plaintiffs' Claims Arise Out Of The Same Transaction Or
Occurrence, Or Series Of Transactions Or Occurrences .......................................... 4

III.   Plaintiffs' Claims Present Common Questions Of Law And Fact ............................ 7

IV.   Joinder Of Plaintiffs' Claims Against All Defendants Promotes
Judicial Economy And Does Not Prejudice BMO Harris ........................................ 8

CONCLUSION ........................................................................................................ 10

# Table of Authorities

**Cases**

*A.I.A. Holdings, S.A. v. Lehman Bros., Inc.*,
  1998 WL 159059 (S.D.N.Y. Apr. 1, 1998) ................................................................... 3

*Auquilla v. GG&A Broadway Partners, LLC*,
  2011 WL 2014778, at *2 (E.D.N.Y. Apr. 25, 2011) ..................................................... 4

*Burns v. Local 1503 of Intern. Broth. of Painters and Allied Trades*,
  1975 WL 1133 (D. Conn. Aug. 13, 1975) ................................................................... 2

*C.A.B. v. Carefree Travel, Inc.*,
  513 F.2d 375 (1975) ..................................................................................................... 5

*Call of the Wild Movie, LLC v. Does 1-1,062*,
  770 F. Supp. 2d 332 (D.D.C. 2011) .......................................................................... 10

*Chavez v. Ill. State Police*,
  251 F.3d 612 (7th Cir. 2001) ........................................................................................ 8

*Cole v. Aetna Life & Cas.*,
  70 F. Supp. 2d 106 (D. Conn. 1999) ........................................................................... 3

*Collaboration Props., Inc. v. Tandberg ASA*,
  2006 WL 2398762 (N.D. Cal. Mar. 28, 2006) ............................................................ 8

*Desert Empire Bank v. Ins. Co. of N. Am.*,
  623 F.2d 1371 (9th Cir. 1980) ..................................................................................... 8

*Deskovic v. City of Peekskill*,
  673 F. Supp. 2d 154 (S.D.N.Y. 2009) ......................................................................... 2

*Digital Sin, Inc. v. Does 1-176*,
  279 F.R.D. 239 (S.D.N.Y 2012) .................................................................................. 2

*Epstein v. Kemper Ins. Companies*,
  210 F. Supp. 2d 308 (S.D.N.Y. 2002) ......................................................................... 3

*First Time Videos, LLC v. Does 1-500*,
  276 F.R.D. 241 (N.D. Ill. 2011) ............................................................................ 6, 10

Fisher v. Ciba Specialty Chemicals Corp.,
   245 F.R.D. 539 (S.D. Ala. 2007) .................................................................................... 8, 9

Green v. Beer,
   2009 WL 3401256 (S.D.N.Y. Oct. 22, 2009) ..................................................................... 8

Hall v. E.I. Du Pont De Nemours & Co., Inc.,
   345 F. Supp. 353 (E.D.N.Y. 1972) ..................................................................................... 5

Hanley v. First Investors Corp.,
   151 F.R.D. 76 (E.D. Tex. 1993) ................................................................................. 3, 8, 9

Kassman v. KPMG LLP,
   925 F. Supp. 2d 453 (S.D.N.Y. 2013) ............................................................................ 3, 5

Kehr ex. rel. Kehr v. Yamaha Motor Corp., U.S.A.,
   596 F. Supp. 2d 821 (S.D.N.Y. 2008) ............................................................................ 4, 5

Kovian v. Fulton County Nat. Bank and Trust Co.,
   1990 WL 36809 (N.D.N.Y. March 28, 1990) ............................................................ 2, 4, 7

Laureano v. Goord,
   2007 WL 2826649 (S.D.N.Y. Aug. 31, 2007) ............................................................... 4, 8

Levine v. Federal Deposit Ins. Corp.,
   136 F.R.D. 544 (D. Conn. 1991) ........................................................................................ 3

London-Sire Records, Inc. v. Doe 1,
   542 F. Supp. 2d 153 (D. Mass. 2008) .............................................................................. 10

Luna v. Del Monte Fresh Produce (Southeast), Inc.,
   2009 WL 4801357 (N.D. Ga. Dec. 10, 2009) .................................................................... 6

MCGIP, LLC v. Does 1–18,
   2011 WL 2181620 (N.D. Cal. June 2, 2011) ................................................................... 10

MGCIP v. Does 1-316,
   2011 WL 2292958 (N.D. Ill. June 9, 2011) ..................................................................... 10

Moore v. Comfed Sav. Bank,
   908 F.2d 834 (11th Cir. 1990) ............................................................................................ 6

Moore v. New York Cotton Exchange,
   270 U.S. 593 (1926) ........................................................................................................... 5

*Mosley v. Gen. Motors Corp.*,
 497 F.2d 1330 (8th Cir. 1974) .................................................................................. 4, 5

*MyMail, Ltd. v. America Online, Inc.*,
 223 F.R.D. 455 (E.D. Tex. 2004) ................................................................................. 10

*Parker v. Stone*,
 2008 WL 323876 (D. Conn. Feb. 5, 2008) ................................................................. 3, 8

*Sanchez v. O'Connell*,
 2010 WL 7862797 (D. Conn. Sept. 27, 2010) ................................................................ 5

*Sony Music Entertainment, Inc. v. Does 1-40*,
 326 F. Supp. 2d. 556 (S.D.N.Y. 2004) ......................................................................... 10

*Sprint Communications Co., L.P. v. Theglobe.com, Inc.*,
 233 F.R.D. 615 (D. Kan. 2006) .................................................................................... 10

*United Mine Workers of Am. Gibbs*,
 383 U.S. 715 (1966) ........................................................................................................ 2

*Vulcan Society v. Fire Dept. of City of White Plains*,
 82 F.R.D. 379 (S.D.N.Y. 1979) ..................................................................................... 2

*Williams v. Professional Collection Services, Inc.*,
 2004 WL 5462235 (E.D.N.Y. Dec. 7, 2004) .................................................................. 2

**Other Authorities**

7 Charles Allen Wright & Arthur R. Miller,
 Federal Practice & Procedure §1688 (2007) ................................................................. 3

7 Charles Allen Wright & Arthur R. Miller,
 Federal Practice & Procedure §1653 at 270 (1972) ....................................................... 4

**Rules**

Fed R. Civ. P. 20(a)(2)(A) .................................................................................................. 6

Fed. R. Civ. P. 20 .................................................................................................... passim

Fed. R. Civ. P. 20(a) ............................................................................................... passim

**INTRODUCTION**

Defendant BMO Harris Bank, N.A. ("BMO"), asks the Court to dismiss or sever all claims other than those of the first-named plaintiff (Christopher Graham) against it. However, BMO ignores that the claims asserted by Plaintiffs against all Defendants involve similar, if not virtually identical, issues of law and fact regarding Defendants' use of the Automated Clearing House network ("ACH Network") to originate debits for illegal payday loans. Thus, under the liberal nature of the rule regarding joinder, dismissal or severance of the claims asserted against BMO would be improper. Moreover, severing this case would waste time and resources of the parties and judiciary by forcing the Court to consider the exact same legal issues multiple times—and would very likely result in inconsistent rulings.

**I.   The Parties Are Properly Joined In This Action**

Under Rule 20(a) of the Federal Rules of Civil Procedure, multiple plaintiffs or multiple defendants are properly joined if the claims (1) "aris[e] out of the same transaction or occurrence, or series of transactions or occurrences" and (2) "any question of law or fact common to all [the plaintiffs and defendants] will arise in the action." *Id.* BMO argues that Plaintiffs' joinder of their claims against BMO is improper under the first prong of Rule 20(a) because the claims against BMO do not arise out of the same transaction or occurrence as the claims asserted against the other named Defendants. Def. Mem., p. 2. BMO also argues that Plaintiffs Graham and Russo are improperly joined for the same reason. *Id.*

In arguing for severance, BMO fails to acknowledge that a liberal approach to joinder has been adopted to allow plaintiffs great liberty in consolidating claims and parties in single actions in order to promote judicial economy and avoid unnecessary, multiple lawsuits. *See Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 243 (S.D.N.Y 2012) ("Under the Federal Rules of Civil Procedure, 'the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.'") (quoting *United Mine Workers of Am. Gibbs*, 383 U.S. 715, 724 (1966)).

As recognized by this Court, "[t]he Federal Rules are extremely liberal in permitting the joinder of parties and claims. *Burns v. Local 1503 of Intern. Broth. of Painters and Allied Trades*, No. N 75-76, 1975 WL 1133, at *1 (D. Conn. Aug. 13, 1975). *See also Vulcan Society v. Fire Dept. of City of White Plains*, 82 F.R.D. 379, 387 (S.D.N.Y. 1979) ("[T]he requirements of Rule 20 should be given a liberal interpretation."); *Kovian v. Fulton County Nat. Bank and Trust Co.*, No. 86-CV-154, 1990 WL 36809, at *9 (N.D.N.Y. March 28, 1990) (same); *Williams v. Professional Collection Services, Inc.*, No. CV 04-286(JS) (ARL), 2004 WL 5462235, at *4 n. 1 (E.D.N.Y. Dec. 7, 2004) ("In deciding whether to permit joinder under Rule 20, the court is guided by the same liberal standard afforded to motions to amend pleadings under Rule 15."). Thus, "[c]ourts have cautioned . . . that 'severance [i]s a procedural device to be employed only in exceptional circumstances." *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 160 (S.D.N.Y. 2009) (citation omitted).

While a party seeking joinder must satisfy both prongs of Rule 20(a), the two prongs are "not rigid tests. They are flexible concepts used by the courts to implement the purpose of Rule 20 and therefore are to be read as broadly as possible whenever doing so is likely to promote judicial economy." *Kassman v. KPMG LLP*, 925 F. Supp. 2d 453, 477 (S.D.N.Y. 2013) (citation omitted). Thus, the two prongs "cannot be considered mechanically independent. There is feedback between both standards." *Hanley v. First Investors Corp.*, 151 F.R.D. 76, 79 n. 4 (E.D. Tex. 1993).

A decision of proper joinder is within this Court's discretion. *Parker v. Stone*, No. 3:07-cv-271 (VLB), 2008 WL 323876, at *4 (D. Conn. Feb. 5, 2008); 7 Charles Allen Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1688 (2007). Moreover, "the party making the motion bears the burden of showing that severance is 'necessary to prevent prejudice or confusion, and to serve the ends of justice.'" *Epstein v. Kemper Ins. Companies*, 210 F. Supp. 2d 308, 313 (S.D.N.Y. 2002) (citation omitted); *Levine v. Federal Deposit Ins. Corp.*, 136 F.R.D. 544, 550 (D. Conn. 1991) ("Severance is appropriate when it will serve the ends of justice and further the prompt and efficient disposition of litigation."). Indeed, "[t]he requirements of Rule 20 are to be given a liberal interpretation . . . to enable the court to 'promote judicial economy by permitting all reasonably related claims for relief by or against different parties to be tried in a single proceeding." *A.I.A. Holdings, S.A. v. Lehman Bros., Inc.*, No. 97 CIV. 4978(LMM), 1998 WL 159059, at *5 (S.D.N.Y. Apr. 1, 1998) (citation omitted); *see also Cole v. Aetna Life & Cas.*, 70 F. Supp. 2d 106, 116 (D. Conn. 1999) ("The purpose of the rule is to promote trial convenience and expedite the final determination of disputes, thereby preventing

multiple lawsuits."). Contrary to that goal, BMO argues for severance and, ultimately, multiple lawsuits within this district, despite claims arising out of the same series of transactions and common issues of fact and law.

II. **Plaintiffs' Claims Arise Out Of The Same Transaction Or Occurrence, Or Series Of Transactions Or Occurrences**

In exercising its discretion, this Court must first consider whether Plaintiffs' "joinder satisfies the liberal 'same transactions or occurrences' test." *Auquilla v. GG&A Broadway Partners, LLC*, No. 10-CV-1059 SLT JO, 2011 WL 2014778, at *2 (E.D.N.Y. Apr. 25, 2011). Consistent with this liberal standard, "there is no rigid rule as to what constitutes the same series of transactions or occurrences." *Kovian*, 1990 WL 36809 at *9; *Laureano v. Goord*, No. 06 Civ. 7845(SHS)(RLE), 2007 WL 2826649, at *8 (S.D.N.Y. Aug. 31, 2007) (same); *see also Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974) (noting that "no hard and fast rules have been established" for determining whether the transaction or occurrence requirement has been satisfied). Instead, "[w]hat will constitute the same transaction or occurrence under the first prong of Rule 20(a) is approached on a case by case basis." *Kehr ex. rel. Kehr v. Yamaha Motor Corp., U.S.A.*, 596 F. Supp. 2d 821, 826 (S.D.N.Y. 2008) (citing 7 C. Wright and A. Miller Federal Practice and Procedure § 1653 at 270 (1972)).

In determining what constitutes a transaction or occurrence for Rule 20(a) purposes, courts often look to Fed. R. Civ. P. 13(a) for guidance. *Kehr ex. rel. Kehr*, 595 F. Supp. 2d at 826. For Rule 13(a) purposes and therefore, for Rule 20(a) purposes, "'transaction' is a word of flexible meaning. It may comprehend a series of many

4

occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *Id.* (quoting *Moore v. New York Cotton Exchange*, 270 U.S. 593, 610 (1926)). Accordingly, this Court has interpreted the term to encompass "all logically related claims." *Sanchez v. O'Connell*, No. 3:08cv706 (JBA), 2010 WL 7862797, at *1 (D. Conn. Sept. 27, 2010); *Kassman*, 925 F. Supp. 2d at 477 (same); *Hall v. E.I. Du Pont De Nemours & Co., Inc.*, 345 F. Supp. 353, 381 (E.D.N.Y. 1972) ("[T]he approach must be the general one of whether there are enough ultimate factual concurrences that it would be fair to the parties to require them to defend jointly" against the several claims."); *C.A.B. v. Carefree Travel, Inc.*, 513 F.2d 375, 384 (1975) (finding joinder proper where "[t]he operative facts are related, even if the same transaction is not involved."). *See also Mosley*, 497 F.2d at 1332 (8th Cir. 1974) (holding "all logically related events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence").

The claims brought against BMO are logically related to those brought against the other Defendants. BMO utilized the ACH Network in the identical manner as the other Defendants as a vehicle to collect unlawful debts. Specifically, BMO, like all the other Defendants, provided Out-of-State Payday Lenders access to the ACH Network and originated debit entries on the ACH Network initiated by Out-Of-State Payday Lenders to facilitate the collection of illegal and usurious payday loans.

BMO cites several non-binding, district court cases involving multiple loans in an attempt to argue that claims involving multiple, discrete loans can never been joined in a single suit under Rule 20(a). However, the Eleventh Circuit has allowed joinder in such a

5

case. In *Moore v. Comfed Sav. Bank*, 908 F.2d 834 (11th Cir. 1990), multiple plaintiffs entered into distinct loans with a lender, who then sold the notes to numerous entities later joined as defendants. *Id.* at 837. Notably, many of the defendants did not hold any paper notes signed by the six-named class representatives and had never dealt with those representatives. *Id.* The court held that all of the plaintiff class's claims "arose out of a series of transactions or occurrences initiated by [the lender]." *Id; see also Luna v. Del Monte Fresh Produce (Southeast), Inc.*, No. 1:06-CV-2000-JEC, 2009 WL 4801357, at *3 (N.D. Ga. Dec. 10, 2009) (summarizing *Moore* as "holding that a series of distinct contracts giving rise to similar, serial complaints qualifies as a single "series of transactions" proper for permissive joinder under Rule 20"). Here, although different payday loans were made by different Defendants, Plaintiffs' payday loans arise out of a series of transactions because the loan documentation for each Defendant is similar, each payday loan was entered without negotiation, and, most importantly for purposes of this litigation, the loans were all meant to be repaid via debits on the ACH Network. Accordingly, the claims against BMO arise out of the same series of transactions or occurrences under Rule 20(a). *See, e.g., First Time Videos, LLC v. Does 1-500*, 276 F.R.D. 241, 252 (N.D. Ill. 2011) ("While the Doe Defendants are alleged to have copied and distributed eight separate copyrighted works, this Court will consider the allegations under a flexible test to constitute a series of transactions of FTV's copyrighted works, as required under Rule 20(a)(2)(A) . . .").

**III.     Plaintiffs' Claims Present Common Questions Of Law And Fact**

The second prong of Rule 20 does not require that all questions of law and fact raised by the dispute be common, but only that "some question of law or fact to be common to all the parties." *Kovian*, 1990 WL 36809, at *9. Notably, BMO does not address the second prong of Rule 20(a). Thus, this Court should view the absence of any argument that Plaintiffs have not satisfied the second prong of Rule 20(a) as a concession that the claims asserted by Plaintiffs against all Defendants, including BMO, sufficiently present common questions of law or fact.

Indeed, BMO could not in good faith argue that questions concerning the legality of Defendants' use of the ACH Network in connection with the payday loans at issue will be common to all parties. Plaintiffs are seeking redress under the identical legal theories against each of the Defendants. Moreover, Plaintiffs will introduce similar evidence against each of the Defendants regarding how the deposit of payday loan proceeds or debit payday loan payments from customers' bank accounts in states where the loans are illegal and unenforceable by Out-Of-State Payday Lenders is accomplished by Defendants' use of the ACH Network.  Defendants are not alleged to have acted in concert with one another, but the fact is they each utilized the ACH Network under identical circumstances, used it for the same purpose, and injured customers in the same manner.

**IV. Joinder Of Plaintiffs' Claims Against All Defendants Promotes Judicial Economy And Does Not Prejudice BMO**

In addition to considering the applicable requirements of Rule 20, courts consider "additional factors relating to the fairness and judicial economy of permitting or rejecting joinder of parties." *Green v. Beer*, No. 06 Civ. 4156(KMW)(JCF), 2009 WL 3401256, at *6 (S.D.N.Y. Oct. 22, 2009); *see also Chavez v. Ill. State Police,* 251 F.3d 612, 632 (7th Cir. 2001) (recognizing that discretion afforded under Rule 20 "allows a trial court to consider, in addition to the requirements of Rule 20, 'other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness.'") (quoting *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980)); *see also Collaboration Props., Inc. v. Tandberg ASA*, No. C 05-01940 MHP, 2006 WL 2398762, at *5 (N.D. Cal. Mar. 28, 2006) (citing cases where courts have considered other factors to determine the appropriateness of joinder).

The two most relevant factors are judicial economy and prejudice. *See Parker*, 2008 WL 323876 at *4; *Laureano*, 2007 WL 2826649 at *9. Indeed, "[t]he touchstone of the Rule 20 joinder/severance analysis is whether the interests of efficiency and judicial economy would be advanced by allowing the claims to travel together, and whether any party would be prejudiced if they did." *Fisher v. Ciba Specialty Chemicals Corp.*, 245 F.R.D. 539, 452 (S.D. Ala. 2007); *see also Hanley v. First Investors Corp.*, 151 F.R.D. 76, 80 (E.D. Tex. 1993) (using a balancing test to evaluate judicial economy and prejudice).

Efficiency and judicial economy will best be served by preserving joinder in this case. BMO does not even attempt to argue that severance would promote judicial economy. Substantial questions of law and fact are common to all Defendants, including questions related to Defendants' use of the ACH Network. Thus, a consolidated action will facilitate the resolution of Plaintiffs' claims, promote trial convenience, minimize costs—both for the parties and for the judicial system and ensure consistent rulings. Severance, on the other hand, will force Plaintiffs each to proceed with numerous separate suits, the practicality of which is especially burdensome to Plaintiffs when the payday loan amounts at issue are relatively small.

Moreover, BMO's argument of prejudice is unavailing. Indeed, no specific claim of prejudice is made aside from an insinuation that "confusion of the jury" from different evidence and witnesses that Plaintiffs *may* use at trial. Moreover, any concern that BMO has in this regard could easily be alleviated through the use of proper jury instructions. *See, e.g., Fisher*, 245 F.R.D. at 543-44 (finding that defendants' arguments of prejudice based on jury confusion were not persuasive because "[f]ederal juries are routinely asked to parse facts that are relevant to particular claims or particular parties, and are able to do so without difficulty so long as counsel presents the evidence in a cogent, orderly fashion that makes clear which evidence attaches to which particular claims or defenses," and referencing an instruction found in Section 6.2 of the Basic Instructions of the Eleventh Circuit Pattern Jury Instructions); *Hanley*, 151 F.R.D. at 80 (dismissing defendant's concern about prejudice from juror confusion because the court could address the concern with jury instructions, and it was "well within the jury's abilities to distinguish between

the idiosyncrasies of each case"). In any event, BMO' concern about potential jury confusion is, at best, premature at this stage of the litigation. *See Sprint Communications Co., L.P. v. Theglobe.com, Inc.*, 233 F.R.D. 615, 618 (D. Kan. 2006) (denying motion to sever where discovery had not yet been completed by the parties); *MyMail, Ltd. v. America Online, Inc.*, 223 F.R.D. 455, 457 (E.D. Tex. 2004) (denying motion to sever where discovery had not yet been completed by the parties).

Indeed, "the overwhelming majority of courts have denied as premature motions to sever prior to discovery." *First Time Videos, LLC v. Does 1-76*, 276 F.R.D. 254, 258 (N.D. Ill. 2011). *See also First Time Videos,* 276 F.R.D. at 252–54; *MGCIP v. Does 1-316*, No. 10 C 6677, 2011 WL 2292958, at *2 (N.D. Ill. June 9, 2011); *MCGIP, LLC v. Does 1–18*, No. C–11–1495 EMC, 2011 WL 2181620, at *1 (N.D. Cal. June 2, 2011); *Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F. Supp. 2d 332, 342–45 (D.D.C. 2011); *London-Sire Records, Inc. v. Doe 1*, 542 F. Supp. 2d 153, 161 n.7 (D. Mass. 2008); *Sony Music Entertainment, Inc. v. Does 1-40*, 326 F. Supp. 2d. 556, 568 (S.D.N.Y. 2004). So too here should BMO's request for severance be deemed premature.

## **CONCLUSION**

Based on the foregoing, BMO's Motion to Sever should be denied. Should this Court conclude that BMO has been improperly joined in this action, Plaintiffs respectfully request that severance of BMO as a Defendant, and not dismissal or

severance of Plaintiffs, is the appropriate remedy.

Dated: January 15, 2014						Respectfully submitted,

								PLAINTIFFS, CHRISTOPHER GRAHAM
								AND ELLEN RUSSO


								/s/ Karen M. Leser-Grenon
								James E. Miller (ct21560)
								jmiller@sfmslaw.com
								Karen M. Leser-Grenon (ct23587)
								kleser@sfmslaw.com
								Shepherd, Finkelman, Miller & Shah, LLP
								65 Main Street
								Chester, CT  06412
								Telephone:  (860) 526-1100
								Facsimile:  (860) 526-1120

								CHITWOOD HARLEY HARNES LLP
								Darren T. Kaplan, admitted *pro hac vice*
								dkaplan@chitwoodlaw.com
								1350 Broadway, Suite 908
								New York, NY  10018
								Telephone:  (917) 595-3600
								Facsimile:  (404) 876-4476

								STUEVE SIEGEL HANSON LLP
								Norman E. Siegel
								siegel@stuevesiegel.com
								Steve Six, admitted *pro hac vice*
								six@stuevesiegel.com
								J. Austin Moore, admitted *pro hac vice*
								moore@stuevesiegel.com
								460 Nichols Road, Suite 200
								Kansas City, MO  64112
								Telephone:  (816) 714-7100
								Facsimile:  (816) 714-7101

								KOPELOWITZ OSTROW P.A.
								Jeffrey M. Ostrow, admitted *pro hac vice*
								ostrow@KOlawyers.com
								Jason H. Alperstein

Alperstein@KOlawyers.com
200 S.W. 1st Avenue, 12th Floor
Fort Lauderdale, FL 33301
Telephone: (954) 525-4100
Facsimile: (954) 525-4300

TYCKO & ZAVAREEI LLP
Hassan A. Zavareei, admitted *pro hac vice*
hzavareei@tzlegal.com
Jeffrey D. Kaliel, admitted *pro hac vice*
jkaliel@tzlegal.com
Anna C. Haac
ahaac@tzlegal.com
200 L Street, N.W., Suite 808
Washington, DC 20036
Telephone: (202) 973-0900
Facsimile: (202) 973-0950

SHEPHERD, FINKELMAN, MILLER & SHAH, LLP
James C. Shah, admitted *pro hac vice*
jshah@sfmslaw.com
35 East State Street
Media, PA 19063
Telephone: (610) 891-9880
Facsimile: (610) 891-9883

**Their Counsel**

## CERTIFICATE OF SERVICE

  I hereby certify that on January 15, 2014, a copy of the foregoing Plaintiffs' Response in Opposition to Defendant BMO Harris Bank, N.A.'s Motion to Dismiss or Sever Pursuant to Fed.R.Civ.P. 21 and Supporting Memorandum of Law was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

            /s/Karen M. Leser-Grenon
            Karen M. Leser-Grenon (ct23587)
            Shepherd Finkelman Miller & Shah, LLP
            65 Main Street
            Chester, CT 06412
            Telephone:  (860) 526-1100
            Facsimile: (860) 526-1120
            Email:  kleser@sfmslaw.com