# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHRISTOPHER GRAHAM, and ELLEN RUSSO, on Behalf of Themselves and All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> BMO HARRIS BANK, N.A., NATIONAL BANK OF CALIFORNIA, N.A., FIRST INTERNATIONAL BANK & TRUST, a North Dakota State-Chartered Bank, FIRST PREMIER BANK AND TRUST, a South Dakota State-Chartered Bank, MISSOURI BANK AND TRUST, a Missouri State-Chartered Bank, and NORTH AMERICAN BANKING COMPANY, a Minnesota State-Chartered Bank, <br><br> Defendants. | Case No. 13-CV-01460 <br><br> Judge Warren Eginton |

## DEFENDANT BMO HARRIS BANK, N.A.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS OR SEVER PURSUANT TO FED. R. CIV. P. 21

### INTRODUCTION

BMO Harris Bank, N.A. ("BMO Harris") moved to dismiss or sever Plaintiffs' claims against the five other defendants in this case, including all claims asserted by Ellen Russo. Dkt. 107-08. The claims involve discrete loan transactions involving different lenders and different borrowers over a span of several years, with different banks allegedly facilitating the electronic fund transfers at issue. In these circumstances, Plaintiffs cannot satisfy the "same transaction [or] occurrence" requirement for permissive joinder. Fed. R. Civ. P. 20(a)(1)-(2).

Plaintiffs devote much of their response to general background on the liberal construction of Rule 20. However, there is a limit to Rule 20's tolerance, and that limit precludes joinder in

this litigation. Specifically, in their response, Plaintiffs make two concessions that foreclose any finding that their claims arise out of the same transaction or occurrence. First, Plaintiffs concede that the only link between the six defendants is that they purportedly engaged in similar practices and caused similar injuries. Dkt. 155 ("Pltf. Resp.") at 6-7. Second, Plaintiffs concede that "Defendants are not alleged to have acted in concert with one another." *Id.* at 7. As discussed in BMO Harris's opening brief and below, permissive joinder is therefore not appropriate. Indeed, Plaintiffs do not cite any authority allowing joinder where there was admittedly no concerted action among the defendants and the only common link was that the defendants purportedly engaged in similar practices and caused similar injuries. Plaintiffs cannot stretch permissive joinder that far. Accordingly, BMO Harris's motion to dismiss or sever should be granted.

## ARGUMENT

Under Rule 20, multiple plaintiffs or defendants may be joined together in a single action only if the claims involve a "right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(1)-(2). Plaintiffs concede that they must satisfy the same transaction or occurrence requirement. Pltf. Resp. at 3 ("a party seeking joinder must satisfy both prongs of Rule 20(a)").

As BMO Harris explained in its opening brief (at 6), "[i]t is well-established that separate loan transactions by different lenders do not constitute a single transaction or occurrence." *Abraham v. Am. Home Mortgage Servicing, Inc.*, 947 F. Supp. 2d 222, 229 (E.D.N.Y. 2013); *see also Kalie v. Bank of America Corp.*, 2013 WL 4044951, at *4 (S.D.N.Y. Aug. 9, 2013); *Adams v. U.S. Bank, N.A.*, 2013 WL 5437060, at *4 (E.D.N.Y. Sept. 27, 2013).

In their response, Plaintiffs do not address or attempt to distinguish any of these cases. Instead, Plaintiffs claim that the Eleventh Circuit reached a different result in *Moore v. Comfed Sav. Bank*, 908 F.2d 834 (11th Cir. 1990). But *Moore* is inapposite because all of the loans at issue were originated *by the same lender*, Land Bank, and were "similar to each other" "in all essential respects." *Id.* at 836. Thus, in analyzing the joinder of multiple defendants who had all subsequently purchased loans from Land Bank, the court found that:

> it is plain from the record that all of these transactions arose out of a series of transactions or occurrences initiated by Land Bank and that all of the claims involved the same question of law and fact. * * * We are of the view that a proper construction of this rule [20] would permit the joinder of all these defendants which acquired their loans from Land Bank, and which for several years continued to pay Land Bank a part of the payments received from the plaintiffs. * * * We, therefore, conclude that joinder in this case was proper.

*Id.* at 839. *Moore's* reasoning does not apply here. If anything, *Moore* reaffirms that Rule 20 is not as broad as Plaintiffs assert. Plaintiffs seek to join claims for unconnected loan transactions involving different lenders and different borrowers over the course of several years, with different banks purportedly processing electronic fund transfers.

Ultimately, Plaintiffs argue that their claims satisfy the same transaction or occurrence requirement because "each [defendant] utilized the ACH Network under identical circumstances, used it for the same purpose, and injured customers in the same manner." Pltf. Resp. at 7. But it is well settled that purportedly "commit[ing] the same type of violation in the same way" does not satisfy Rule 20's permissive joinder requirement. *See Digital Sins, Inc. v. John Does 1-245*, 2012 WL 1744838, at *2 (S.D.N.Y. May 15, 2012) (citing *Nassau Cnty. Assoc. Of Ins. Agents, Inc. v. Aetna Life & Casualty*, 497 F.2d 1151, 1154 (2d Cir. 1974)); *see also Costello v. Home Depot U.S.A., Inc.*, 888 F. Supp. 2d 258, 263-64 (D. Conn. 2012) (rejecting plaintiffs' argument

that "claims are logically related when they arise from the same *type* of transactions or occurrences, rather than the same transactions or occurrences") (emphasis added).

Thus, for example, Plaintiffs cite *Sanchez v. O'Connell*, 2010 WL 7862797, at *1 (D. Conn. Sept. 27, 2010), for the proposition that the same transaction or occurrence requirement encompasses "all logically related claims." Pltf. Resp. at 5. But *Sanchez* itself explained the limits of that rule. In *Sanchez*, multiple plaintiffs attempted to join their claims against the City of New Haven for failure to train and supervise a particular police officer. The court found that joinder was improper because the plaintiffs suffered their alleged injuries "at different times, during distinct police actions." *Id.* at *2. As the court explained, "the relationship among Plaintiffs is akin to the relationship among putative plaintiffs in pharmacology product-liability cases, in which courts have repeatedly held that similar injuries allegedly caused by the same drug-defect but occurring at different times do not satisfy Rule 20(a)'s transaction or occurrence requirement." *Id.* (citing *McNaughton v. Merck & Co.*, 2004 WL 5180726, at *2 (S.D.N.Y. Dec. 17, 2004), and *In re Rezulin Prods. Liab. Litig.*, 168 F. Supp. 2d 136 (S.D.N.Y. 2001)). *Sanchez* therefore reaffirms that "similar" alleged conduct or injuries is not enough for joinder.[1]

As a result, Plaintiffs cannot satisfy Rule 20's same transaction or occurrence requirement. As BMO Harris explained in its opening brief (at 3), Ellen Russo seeks relief related to three discrete loans that she obtained from three different lenders in 2011, none of

---

[1] Plaintiffs also cite *First Time Videos, LLC v. Does 1-500*, 276 F.R.D. 241, 252 (N.D. Ill. 2011), which contrary to *Digital Sins*, allowed joinder in a BitTorrent copyright case because, among other things, "each Doe Defendant . . . may be responsible for distributing the [copyrighted material] to any other Putative Defendant." Here, in contrast, there is no alleged link between the ODFI defendants. Graham concedes that he does not allege concerted action. Pltf. Resp. at 7. And in any event, *Does 1-500* represents a minority approach to joinder in BitTorrent litigation. *See, e.g., Kill Joe Nevada, LLC v. Does 1-10*, 2013 WL 3381260, at *5 (N.D. Ga. July 8, 2013) (following "the majority of district courts" that have found misjoinder); *Malibu Media, LLC v. Reynolds*, 2013 WL 870618, at *10 (N.D. Ill. Mar. 7, 2013) (collecting cases).

4

which involved BMO Harris at all. Similarly, Christopher Graham seeks relief related to seven discrete loans that he obtained from four different lenders in 2013, only one of which purportedly involved BMO Harris—an April 23, 2013 loan from National Payday Loans. Plaintiffs have not identified any basis for joining all of these claims in a single suit.

Plaintiffs also claim that the "overwhelming majority" of courts have allegedly denied motions to sever prior to discovery as premature. Pltf. Resp. at 10. That is not true. Notably, in *Abraham, Kalie*, and *Adams*, the courts all severed claims involving separate loan transactions at the pleading stage. *Abraham*, 947 F. Supp. 2d at 226; *Kalie*, 2013 WL 4044951, at *1; *Adams*, 2013 WL 5437060, at *1. Indeed, Plaintiffs do not say how discovery would alter the severance analysis. Plaintiffs plead that their claims involve discrete loan transactions, and they now concede that they do not allege concerted action and that the only link between the defendants is that they purportedly engaged in similar practices and allegedly injured them in similar ways. Plft. Resp. at 6-7. As discussed in BMO Harris's opening brief and above, that is not enough as a matter of law to satisfy Rule 20's same transaction or occurrence requirement.[2]

Finally, in its opening brief (at 8), BMO Harris also pointed out that even if Plaintiffs could satisfy Rule 20's same transaction or occurrence requirement (and they do not), additional factors such as prejudice and differences in proof also weigh in favor of severance.

In response, Plaintiffs argue that BMO Harris has not identified any "specific claim" of prejudice and that any concern about jury confusion is "premature." Pltf. Resp. at 9. But the

---

[2] The case that Plaintiffs cite for their "overwhelming majority" characterization is *First Time Videos, LLC v. Does 1-76*, 276 F.R.D. 254, 258 (N.D. Ill. 2011), which was purporting to describe BitTorrent litigation circa 2011, not severance motions generally. Moreover, the same judge who decided *Does 1-76* has since joined the majority of district courts in ordering severance of BitTorrent claims based on the allegations in the complaint, explaining that "district courts are increasingly recognizing the logistical hurdles that could arise given that each defendant may raise its own defense, which would result in a series of minitrials for each." *reFX Audio Software, Inc. v. Does 1-141*, 2013 WL 5835704, *3 (N.D. Ill. Oct. 28, 2013).

cases cited by BMO Harris each found at the pleading stage that joinder was improper because there was "a risk of prejudice." *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 171 (S.D.N.Y. 2009) (citing *Tardd v. Brookhaven Nat'l Lab.*, 2007 WL 1423642, at *11 (E.D.N.Y. May 8, 2007)); *see also Elektra Entm't Group v. Does 1-9*, 2004 WL 2095581, at *7 (S.D.N.Y. Sept. 8, 2004). There is a substantial risk of prejudice here. Plaintiffs seek to join six defendants merely for allegedly engaging in similar conduct, lumping them all together before a single fact finder.

Plaintiffs also argue that if the Court considers additional factors, judicial economy is purportedly best served by only having one case. Notably, Plaintiffs take the opposite position in opposing BMO Harris's motion to transfer, which seeks to coordinate all of the claims against BMO Harris before one court. *See* Dkt. 154 at 1 (downplaying "the supposed hardship of litigating in nine courts, which would purportedly require duplicative and onerous discovery, inefficient motion practice, and debilitating costs for everyone involved"). Plaintiffs make no effort to reconcile their inherently contradictory positions. Ultimately, it is certainly easier to coordinate multiple cases if they are pending in the *same* district.

## CONCLUSION

For the reasons discussed above and in its opening brief, BMO Harris respectfully requests that the Court dismiss or sever all claims other than those of the first-named plaintiff (Christopher Graham) against the first-named defendant (BMO Harris).

Dated: February 5, 2014						MAYER BROWN LLP

							By:	*/s/A. John P. Mancini*
								A. John P. Mancini (No. ct04975)
								1675 Broadway
								New York, New York 10019-5820
								Telephone: (212) 506-2295
								Facsimile: (212) 262-1910
								jmancini@mayerbrown.com

								Lucia Nale (*pro hac vice*)
								Debra Bogo-Ernst (*pro hac vice*)
								71 South Wacker Drive
								Chicago, IL 60606
								Telephone: (312) 782-0600
								Facsimile: (312) 701-7711
								lnale@mayerbrown.com
								dernst@mayerbrown.com

								Kevin S. Ranlett (*pro hac vice*)
								1999 K Street, N.W.
								Washington, D.C. 20006-1101
								Telephone: (202) 263-3000
								Facsimile: (202) 263-3300
								kranlett@mayerbrown.com

							Attorneys for Defendant BMO Harris Bank, N.A.

## CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2014, a copy of foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

By: */s/A. John P. Mancini*
A. John P. Mancini